**AI YUE CHEN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–6404–AG.**

United States Court of Appeals, Second Circuit.

April 21, 2006.

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Charles Christophe, New York, New York, for Petitioner.

Glenn T. Suddaby, United States Attorney for the Northern District of New York (William C. Pericak, Thomas A. Capezza, Assistant United States Attorneys, on the brief) Albany, New York, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Ai Yue Chen, through counsel, petitions for review of the BIA's decision affirming an immigration judge's ("IJ's") denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We presume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA affirmed the IJ's adverse credibility determination, emphasizing a few of the factors relied upon by the IJ, and dismissing one as speculative. We therefore review all the findings of the BIA, as well as the IJ, used to support the adverse credibility determination, except for the finding rejected by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–74 (2d Cir.2004).

■ The BIA emphasized the IJ's determination that it was implausible that Chen would not know to where her parents had moved when she was released from detention, and yet later had contact with them. After their departure, Chen apparently regained contact with her parents and spoke to them over the telephone. The BIA noted that Chen failed to explain this "discrepancy," presumably meaning how she regained contact with her family; however, Chen was never posed such a question during her hearing. Additionally, just because something is unexplained does not mean it is implausible. It hardly seems beyond the realm of possibility that Chen could lose contact with her parents and then regain contact later.

■ The IJ also found implausible the fact that the Chinese authorities allegedly followed Chen and the Falun Gong practitioners with whom she was traveling because she and her friends "were not particularly significant individuals." There is no information in the record regarding whether or not Chen's friends were "significant" Falun Gong practitioners. The IJ further considered implausible Chen's allegation that she would be fined 30,000 yuan. Both

of these findings are based on the IJ's unsupported opinion about how Chinese authorities operate and the importance they place on deterring the practice of Falun Gong. On the contrary, background materials in the record indicate that the Chinese government has aggressively tried to eliminate the practice of Falun Gong, associating the practice with anti-government sentiment. The IJs findings are thus speculative, which cannot support an adverse credibility determination. *See Secaida–Rosales v. INS*, 331 F.3d 297, 309 (2d Cir.2003).

 The IJ also considered it implausible that Chen would not deny being a Falun Gong practitioner to avoid being arrested, considering that Chen had yet to begin practicing Falun Gong at that time. There is nothing in the record indicating whether or not Chen denied her Falun Gong affiliation, whether there was an opportunity to do so, or whether Chinese officials would have accepted such an explanation in spite of the fact that her companions were Falun Gong practitioners. Again, this finding appears highly speculative.

The IJ found further that it was implausible Chen would have the capacity, after a month in detention, to open a shoe store. Chen's ability to open a shoe store has little to do with her claim for asylum and cannot support an adverse credibility determination. *See Secaida–Rosales*, 331 F.3d at 308.

Because there was such substantial error in the IJ's decision, the Court cannot confidently predict that the IJ would reach the same conclusion regarding Chen's credibility absent the errors he made. *See Xiao Ji Chen v. v. U.S. Dep't of Justice*, 434 F.3d 144, 162 (2d Cir.2006). We therefore remand for a new credibility determination regarding Chen's Falun Gong claims. However, we deny Chen's petition as to her claims based on China's family-planning policies. Chen's claim that she would be threatened with persecution by being subject to China's family planning policies if she were to have more children in China is too speculative to support a claim for asylum, withholding of removal, or CAT relief.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED, in part, to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).